UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

ANTHONY WAYNE JOHNS                    CIVIL ACTION NO. 07-cv-1566

VERSUS                                 REFERRED TO:

U.S. COMMISSIONER SOCIAL               MAGISTRATE JUDGE HORNSBY
SECURITY ADMINISTRATION

**MEMORANDUM RULING**

**Introduction; Summary of the ALJ's Decision**

Anthony Wayne Johns ("Plaintiff") filed an application for disability benefits and SSI based on low vision and optic neuritis. ALJ W. Thomas Bundy evaluated the claim under the five-step sequential analysis. He found that Plaintiff was not engaged in substantial gainful activity (step one), and that his low vision and optic neuritis were "severe" impairments within the meaning of the regulations (step two), but not severe enough to meet or equal a listed impairment (step three) that would require a finding of disability without regard to Plaintiff's age, education, or other vocational factors.

The ALJ considered the medical evidence and testimony to determine Plaintiff's residual functional capacity ("RFC"). He found that Plaintiff had the RFC to perform work at all exertional levels, reduced by decreased visual acuity. Plaintiff is able to read large print, handle and work with large objects, avoid objects in workplace pathways, and avoid people approaching from the side. He is not able to drive an automobile or operate machinery.

The ALJ posed hypothetical questions to vocational expert ("VE") Lenora Maatouk. The VE testified that the visual restrictions outlined in the RFC would still allow the performance of Plaintiff's past work as a loader and day laborer, neither of which require the ability to read fine print. Tr. 95. Plaintiff, who was not represented at this stage of the proceeding, was given the opportunity to cross-examine the VE or submit additional material. Tr. 97-98. Plaintiff wrote a letter and stated that he could not return the work of loader because (as he performed the job) it required driving a forklift, and he suggested that the exertion required by the day laborer position would aggravate his illness. Tr. 99-100. The ALJ elected to give Plaintiff the benefit of the doubt and assume that Plaintiff was not capable of performing his past relevant work (step four). Tr. 25.

Step five of the analysis asks whether, considering the claimant's age (45), education (high school), work experience (unskilled), and RFC, there are jobs that exist in significant numbers in the national economy that the claimant can perform. The ALJ identified jobs listed in the Dictionary of Occupational Titles ("DOT") that she believed such a person could perform: production worker, box bender, box maker, assembler, bench assembler, production assembler, and finisher. The jobs ranged from medium to sedentary strength requirements. The ALJ testified that the "visual restrictions as outlined [in the RFC] are not addressed in the DOT." She added, "My answers to these questions are based on my years of experience in job placement." Tr. 95. The VE's list of qualifications indicates that she has worked as a vocational rehabilitation counselor since 1986. Tr. 96. The ALJ, stating that his decision

was based on the testimony of the VE, determined at step five that Plaintiff was not disabled because he was capable of performing other work that exists in significant numbers in the national economy. Tr. 26.

The Appeals Council denied a request for review. Plaintiff filed this civil action seeking judicial review pursuant to 42 U.S.C. § 405(g). Both parties filed written consent to have a magistrate judge decide the case and, pursuant to 28 U.S.C. § 636(c) and the standing order of the district court governing social security cases, the action was referred to the undersigned for decision and entry of judgment. For the reasons that follow, the Commissioner's decision to deny benefits will be affirmed.

**Standard of Review; Substantial Evidence**

This court's standard of review is (1) whether substantial evidence of record supports the ALJ's determination, and (2) whether the decision comports with relevant legal standards. Villa v. Sullivan, 895 F.2d 1019, 1021 (5th Cir. 1990). "Substantial evidence is more than a scintilla and less than a preponderance. It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Muse v. Sullivan, 925 F.2d 785, 789 (5th Cir. 1991). A finding of no substantial evidence is justified only if there are no credible evidentiary choices or medical findings which support the ALJ's determination. Johnson v. Bowen, 864 F.2d 340, 343-44 (5th Cir. 1988).

**Analysis**

Plaintiff raises a single issue on appeal. He contends that there is not substantial evidence for the ALJ's determination that there were jobs in the national economy available to him given his RFC and other factors. Plaintiff represents that a DOT companion publication called *Selected Characteristics of Occupations defined in the Revised Dictionary of Occupational Titles* (1973) indicates that, of the several "other jobs" listed by the VE and accepted by the ALJ at step five, each of them except box maker is listed as requiring at least frequent near visual acuity (with assembler-sedentary requiring constant near visual acuity). Plaintiff argues that this information undermines the VE's testimony.

The VE testified, and the ALJ accepted, that of the medium-work jobs (box bender and box maker), there were 174,679 in the United States and 2,064 in Louisiana. Plaintiff argues that an unknown number of those jobs must be excluded because of the visual requirements of the box bender job, leaving an unknown number of jobs available to him. He urges that these doubts deprive the agency decision of substantial evidence.

Work exists in the national economy when it exists in significant numbers in the region in which the claimant lives or in several other regions of the country, regardless of whether such work exists in the immediate area in which the claimant lives, or whether a specific job vacancy exists for him, or whether he would be hired if she applied for such work. 20 C.F.R. §§ 404.1566(a) and 416.966(a). The agency may take administrative notice of reliable job information from various governmental and other publications, such as the

DOT. §§ 404.1566(d) and 416.966(d). Social Security Ruling 00-4p refers to the *Selected Characteristics* publication cited by Plaintiff as a companion to the DOT. The agency may also use the services of a VE or other specialist. §§ 404.1566(e) and 416.966(e).

Social Security Ruling 00-4p states that the agency "most often use VEs to provide evidence at a hearing before an ALJ," but neither the DOT nor the VE automatically "trumps" when there is a conflict. The ALJ should, if there is a conflict, elicit a reasonable explanation from the VE before he relies on her testimony. The Ruling states that reasonable explanations for conflicts may include the VE's experience in job placement or career counseling. It adds that the DOT lists maximum requirements of occupations as generally performed, not the range of requirements of a particular job as it is performed in specific settings. Accordingly, a VE may be able to provide more specific information about jobs than the DOT.

The VE did not address *Selected Characteristics* in this case, but when she was asked whether her information conflicted with the DOT, she stated that it did and explained that her answers were based on her years of experience in job placement. It is also notable that the RFC did not define the limitations at issue as permitting frequent, occasional, or other amounts of near visual acuity, which Plaintiff refers to as employed in *Selected Characteristics*. Rather, the RFC defined the limitations with more task-oriented descriptions such as the ability to read large print but not fine print. The ALJ, under these circumstances, obtained reliable evidence that is not squarely in conflict with the DOT and that was

explained to be based on other experiences. That reliance appears to be permissible under the applicable regulations and guidelines, so the ALJ's decision is supported by substantial evidence.

Furthermore, any conflict between the testimony of a VE and the DOT must be explored on cross examination in the agency proceedings. The Fifth Circuit has stated that claimants should not be permitted to scan the record for implied or unexplained conflicts between the specific testimony of a VE and the voluminous and complex provisions of the DOT, and then present that conflict as reversible error when the conflict was not deemed sufficient to merit cross-examination in the administrative hearing. Carey v. Apfel, 230 F.3d 131, 146-47 (5th Circuit 2000); White v. Astrue, 240 Fed. Appx. 632, 634 (5th Circuit 2007). Plaintiff, who was not represented at the time, did not raise this issue before the ALJ. Counsel that he later retained did raise the issue to the Appeals Council, but it was not mentioned in the denial of request for review. Plaintiff may have, therefore, lost his right to pursue this issue under the Carey rule.

Finally, if Plaintiff's assessment of the jobs is correct, there are admittedly almost 175,000 (nationally) and more than 2,000 (Louisiana) jobs for box benders and box makers. It cannot be determined from the record how many of those jobs are solely box makers, and neither party has submitted any information on that point. A rough estimate that half of those jobs are box makers would mean more than 85,000 jobs nationally and 1,000 in Louisiana.

There is no magic formula for determining when the number of available jobs reaches the level of significance, but courts have found that the availability of even a few hundred jobs in a small state such as Louisiana can be significant. See cases collected in Lombard v. Barnhart, 2003 WL 22466178, n. 7 (D. Me. 2003) and Mercer v. Halter, 2001 WL257842 (N.D. Tex. 2001). The evidence regarding the number of available jobs, assuming Plaintiff is correct that all jobs other than box maker should be excluded from consideration, is not precise, but there is enough information available to satisfy the substantial evidence standard and avoid the need for additional administrative proceedings. A judgment affirming the Commissioner's decision to deny benefits will be entered.

THUS DONE AND SIGNED in Shreveport, Louisiana, this 19th day of August, 2008.

MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE